UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. E. SHAW & CO., L.P., Plaintiff, - against - VALENCE CAPITAL GROUP, LLC, VALENCE EPM STRATEGY, LLC, and VALENCE FUND MANAGEMENT, LLC, Defendants. | Civil Action No. 05 CV 5868 **COMPLAINT** **JURY TRIAL** |

RECEIVED JUN 23 2005 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff D. E. Shaw & Co., L.P. (hereinafter referred to as "Plaintiff"), by its attorneys, Kenyon & Kenyon, as and for its Complaint against defendants Valence Capital Group, LLC, Valence EPM Strategy, LLC, and Valence Fund Management, LLC (hereinafter referred to collectively as "Defendants"), alleges as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

**PARTIES**

1. Plaintiff is a Delaware limited partnership having a principal place of business at 120 West 45th Street, New York, NY 10036.

2. Defendant Valence Capital Group, LLC is a Delaware limited liability company with a place of business at 1 North Wacker Drive, Suite 4700, Chicago, IL 60606 (hereinafter referred to as "VCG"). VCG was formerly known as Chicago Analytic Capital Management, LLC.

3. Defendant Valence EPM Strategy, LLC is a Delaware limited liability company with a place of business at 1 North Wacker Drive, Suite 4700, Chicago, IL 60606 (hereinafter referred to as "VES"). VES was formerly known as CACM EPM Strategy, LLC.

4. Defendant Valence Fund Management, LLC is a Delaware limited liability company with a place of business at 1 North Wacker Drive, Suite 4700, Chicago, IL 60606 (hereinafter referred to as "VFM"). VFM was formerly known as CACM Fund Management, LLC.

## JURISDICTION AND VENUE

5. This action arises under the federal Trademark Act, 15 U.S.C. §1051 *et seq*., and related state statutes and the common law. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §1121, and pursuant to 28 U.S.C. §1338(a) and (b). This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a), and under principles of pendent jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) because Defendants are doing and transacting business in this Judicial District; have substantial contacts with and/or may be found in this Judicial District; a substantial portion of the events at issue have arisen and continue to occur in this Judicial District; and Defendants have committed the tortious acts complained of herein in this Judicial District, among others.

## GENERAL ALLEGATIONS

7. Since at least as early as June 1, 1999, Plaintiff has used the mark and name VALENCE, alone and/or in combination with its house mark "D. E. Shaw," as its trademark, service mark and trade name for and in connection with investment services (the "VALENCE Mark").

8. As a result of Plaintiff's continuous use of the inherently distinctive VALENCE Mark and the commercial success of its investment services under this mark, Plaintiff has achieved substantial goodwill in the VALENCE Mark. The financial industry, and more

specifically the alternative investment community, has come to favorably know, recognize and identify such services bearing the VALENCE Mark as services of Plaintiff.

9. The VALENCE Mark has come to represent the valuable goodwill and reputation of Plaintiff as a provider of investment services. As a result, the financial industry, and more specifically the alternative investment community, has come to know that investment services marketed and/or provided under the VALENCE Mark are exclusively associated with Plaintiff.

10. Accordingly, Plaintiff owns the trademark rights to the VALENCE Mark, including without limitation, the common law trademark rights.

11. On or about July 6, 2004, VCG, known at the time as Chicago Analytic Capital Management, LLC, caused to be filed two federal trademark applications with the United States Patent and Trademark Office on an intent-to-use basis; application serial number 76/600,694 for the mark VALENCE and application serial number 76/600,696 for the mark VALENCE CAPITAL GROUP (herein referred to collectively as the "VCG Applications").

12. Each of the VCG Applications lists the following services:

> Providing financial planning and consultation services; providing financial services, namely, supplying information in the fields of investment and finance; financial research and financial analysis; financial investment in the field of securities and other financial instruments and investments in all manner of tangible and intangible assets; estate planning services; stock brokerage services; merchant banking services; investment banking services; investment of funds for others and financial investment consultation; management of charitable and personal trusts and family foundations; and estate trust management.

13. VCG, known at the time as Chicago Analytic Capital Management, LLC, is the listed owner of the VCG Applications. In or about November 2004, Chicago Analytic Capital Management, LLC, changed its name to Valence Capital Group, LLC. CACM EPM Strategy LLC, and CACM Fund Management, LLC, each under common management and control with

VCG and sharing the same address, changed their names to Valence EPM Strategy, LLC and Valence Fund Management, LLC, respectively.

14. VCG is an investment firm involved in hedge funds and possibly other alternative investments. VES and VFM are closely affiliated with VCG and are involved with VCG's activities in the investment industry.

15. In changing their corporate names to names including "Valence," and as evidenced by VCG's filing of the VCG Applications, Defendants adopted "Valence" as a name and mark for use in connection with the same services as Plaintiff, namely investment services.

16. Plaintiff, among other things, creates and manages hedge funds, a type of alternative investment, and uses the VALENCE Mark for one group of its hedge funds.

17. Defendants' activities with respect to alternative investments, such as hedge funds, are targeted to the same alternative investment community as are the activities of Plaintiff. Thus, overlap within the alternative investment community between Plaintiff's VALENCE Mark and Defendants' use of "Valence" is guaranteed.

18. The name "Valence" used in connection with VCG, VES, and VFM is identical to Plaintiff's VALENCE Mark.

19. Use of an identical or confusingly similar mark within the same investment community is likely to cause confusion.

20. Customers familiar with Plaintiff's services would likely assume incorrectly that the services provided by Defendants originated with Plaintiff, that Plaintiff is responsible for services provided by Defendants, that there is some type of affiliation, connection or association among the parties, or that Plaintiff has sponsored, endorsed, or approved of Defendants' services.

21. In addition, customers familiar with Defendants' services would likely assume incorrectly that the services provided by Plaintiff originated with Defendants, that Defendants

are responsible for services provided by Plaintiff, that there is some type of affiliation, connection or association among the parties, or that Defendants have sponsored, endorsed, or approved of Plaintiff's services.

22. Defendants' offering of alternative investment services under the "Valence" name improperly trades off the goodwill Plaintiff has established in the VALENCE Mark including use of Plaintiff's goodwill to attract investors to alternative investments offered by Defendants.

23. Defendants, by their acts complained of herein, have infringed Plaintiff's trade name, trademark and service mark rights in and to the VALENCE Mark; diluted the unique commercial impression of Plaintiff's VALENCE Mark; unfairly competed with Plaintiff in the marketplace, and otherwise improperly used the reputation and goodwill of Plaintiff to promote their competing services which do not originate from, and which are not affiliated, connected or associated with, or sponsored, endorsed or approved by, Plaintiff.

24. The aforesaid acts of Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
False Designation of Origin, False Description and False Representation,
Unfair Competition and False Advertising (Federal)

25. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 24, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

26. Defendants' unlawful and improper actions as set forth above are likely to cause confusion or mistake as to the source, origin or sponsorship of Defendants' services, and/or Plaintiff's services, and to falsely mislead the alternative investment community into believing that (i) Defendants' services originate from, are affiliated, connected or associated with, or are

sponsored, endorsed or approved by, Plaintiff; and/or (ii) that Plaintiff's services originate from, are affiliated, connected or associated with, or are sponsored, endorsed or approved by, Defendants.

27. Accordingly, Defendants' activities constitute false designation of origin, false description and false representation, unfair competition and false advertising in commerce in violation of 15 U.S.C. §1125(a).

28. Defendants' acts of false designation of origin, false description and false representation, unfair competition and false advertising in commerce have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

29. Defendants' acts of false designation of origin, false description and representation, unfair competition and false advertising in commerce, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
Trademark Infringement, Unfair Competition,
False Advertising and Misappropriation (Common Law)

30. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 29, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

31. Defendants' unlawful activities, as set forth above, create a likelihood of confusion or mistake as to the source, origin, sponsorship or legitimacy of the services offered or sold by Defendants; misappropriate and trade upon the fine reputation and goodwill of Plaintiff in the VALENCE Mark, thereby injuring that reputation and goodwill; and unjustly divert from Plaintiff to Defendants the benefits arising therefrom.

32. Defendants' unlawful activities constitute trademark infringement, unfair competition, false advertising and misappropriation as proscribed by the common law.

33. Defendants' acts of trademark infringement, unfair competition, false advertising and misappropriation have caused Plaintiff to sustain monetary damage, loss and injury, in amounts to be determined at trial.

34. Defendants' acts of trademark infringement, unfair competition, false advertising and misappropriation, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
Violation of New York General Business Law §360-l

35. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 34, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

36. Defendants' activities are diluting and are likely to continue diluting Plaintiff's distinctive and famous trademark. Defendants' actions also injure the business reputation of Plaintiff, in violation of Plaintiff's rights under New York General Business Law §360-l.

37. Defendants' violations of New York General Business Law §360-l have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

38. Defendants' violations of New York General Business Law §360-l, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
Violation of New York General Business Law §349

39. Plaintiff repeats, reiterates and realleges each and every allegation in paragraphs 1 through 38, inclusive, of this Complaint with the same force and effect as if fully set forth herein.

40. Defendants' acts of which Plaintiff complains herein constitute misleading acts or practices in the conduct of business, trade or commerce, or in the furnishing of services, in the State of New York.

41. Plaintiff has been injured by reason of Defendants' misleading acts or practices.

42. Defendants' aforesaid violations of New York General Business Law §349 have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

43. Defendants' aforesaid violations of New York General Business Law §349, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff D. E. SHAW & CO., L.P. respectfully prays for judgment as follows:

A. For an Order granting a preliminary and permanent injunction against Defendants and each of their officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them, who receive actual notice of the Order by personal service or otherwise:

1. Restraining Defendants from using the VALENCE mark (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise) or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of VALENCE as a trade name, trademark or service mark, brand name, company name, business or commercial designation, or as the name of any investment fund, business, vehicle or account managed by them, in connection with the offering of any investment-related services, including without limitation as a domain name, or in metatags or other Internet uses, or in any manner that suggests in any way that Defendants and/or their services or activities originate from, are affiliated, connected or associated with, or are sponsored, endorsed or approved by, Plaintiff, or that Plaintiff and/or its services or activities

originate from, are affiliated, connected or associated with, or are sponsored, endorsed or approved by, Defendants;

2. Restraining and enjoining Defendants from using any other mark, term, slogan, tag line or phrase which suggests or tends to suggest in any way that Defendants and/or their activities or services originate from, are affiliated, connected or associated with, or are sponsored, endorsed, or approved by, Plaintiff, or that Plaintiff or its services or activities originate from, are affiliated, connected or associated with, or are sponsored, endorsed, or approved by, Defendants;

3. Restraining and enjoining Defendants from using in connection with any goods or services, any false or misleading designation, description or representation, whether by words or symbols, which suggests or implies any relationship with Plaintiff, or gives Defendants an unfair competitive advantage in the marketplace, or constitutes false advertising;

4. Restraining and enjoining Defendants from violating New York General Business Law §§360-l and 349;

5. Restraining and enjoining Defendants from engaging in any acts of common law trademark infringement, unfair competition or misappropriation which would damage or injure Plaintiff;

6. Restraining and enjoining Defendants from inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts or any third-party usage of the VALENCE Mark in connection with Defendants' businesses.

B. That in accordance with 15 U.S.C. §1118, all materials, packaging, labels, tags, pamphlets, brochures, signs, sales literature, stationery, advertisements, contracts, billboards, banners, posters, documents and the like in the possession or under the control of Defendants, and all plates, molds, matrices, negatives, masters and other means of making the same, which might, if used, violate the Order herein granted, be delivered up and destroyed as the Court shall direct.

C. That in accordance with 15 U.S.C. §1116, Defendants file with the Court and serve on counsel for Plaintiff within thirty (30) days after service on Defendants of such Order,

or within such extended period as this Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the Order.

D. For an Order requiring Defendants to cancel or abandon any and all registrations or applications to register any trademarks, trade names, service marks, telephone listing, domain names, or other use of the infringing VALENCE Mark or any colorable imitation thereof.

E. For an award of Defendants' profits or other advantages and Plaintiff's damages resulting from Defendants' unlawful acts set forth herein, in an amount to be proven at trial, together with legal interest from the date of accrual thereof.

F. For an award of treble damages, in an amount to be proven at trial, pursuant to 15 U.S.C. §1117.

G. For an award of attorneys' fees and disbursements incurred by Plaintiff in this action.

H. For an award of costs of this action.

I. That Plaintiff be awarded such other and further relief as the Court may deem equitable and proper.

WHEREFORE, Plaintiff D. E. SHAW & CO., L.P., prays that this Court grant the relief it seeks, as well as all other relief which this Court deems just and appropriate.

Dated: June 23, 2005

KENYON & KENYON
Attorneys for Plaintiff
D. E. SHAW & CO., L.P.

By: [signature]

James E. Rosini (JR 7791)
Michelle Mancino Marsh (MM 1494)
Brad M. Behar (BB 0363)
One Broadway
New York, NY 10004
(212) 425-7200 (phone)
(212) 425-5288 (fax)

Brian S. Mudge
1500 K Street NW
Washington, DC 20005
(202) 220-4200 (phone)
(202) 220-4201 (fax)